UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| ALPS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>                        Plaintiff(s),<br><br>      v.<br><br>HAROLD P. GEWERTER, et al.,<br><br>                     Defendant(s). | Case No. 2:17-CV-2057 JCM (PAL)<br><br>ORDER |

      Presently before the court is plaintiff ALPS Property & Casualty Insurance Company's ("ALPS") motion for summary judgment (ECF No. 28). Defendants Harold P. Gewerter and Harold P. Gewerter, Esq. Ltd. ("Gewerter Ltd.") (collectively "the Gewerter defendants") filed a response (ECF No. 33), to which ALPS replied (ECF No. 34).

      Also before the court is defendant Vincent Hesser's motion for summary judgment (ECF No. 29). ALPS filed a response. (ECF No. 31). Hesser did not file a reply and the time to do so has passed.

      Also before the Gewerter defendants' motion for leave to file surreply. (ECF No. 35). ALPS filed a response (ECF No. 36), to which the Gewerter defendants replied (ECF No. 37).

      Also before the court is ALPS motion to strike or, in the alternative, dismiss (ECF No. 41). The Gewerter defendants' filed a response (ECF No. 43), to which ALPS replied (ECF No. 44).

## I.    Facts

      This case arises from a dispute between a legal professional liability insurance provider, ALPS, and its insured, Gewerter. (ECF No. 1). The litigants disagree whether ALPS is obligated to defend and indemnify Gewerter in a lawsuit initiated by his former client, Hesser. *Id*.

From 2004 to 2015, Gewerter provided legal services to Hesser and his various related entities. (ECF Nos. 7-1, 28, 33). Gewerter represented Hesser and his business entities in about 85 lawsuits and acted as a registered agent. (ECF Nos. 1, 7-1, 33).

On January 16, 2008, Hesser wrote a check to Gewerter in the amount of $500,000.00 and executed a special power of attorney granting Gewerter the right to deposit the check in the Gewerter Ltd. client trust account. (ECF Nos. 7-1, 7-2). On March 25, 2008, Hesser provided Gewerter with a second check in the amount of $250,000.00. *Id.*

Hesser argues that he provided Gewerter with the funds totaling $750,000.00 for safekeeping and for the exclusive and sole benefit of Hesser. (ECF No. 7-1). Hesser further alleges that Gewerter continued to represent him and his entities and that he separately paid Gewerter monthly invoices for these services as they became due. *Id.* As Hesser understood, the $750,000.00 was to remain untouched. *Id.*

Conversely, Gewerter considered the $750,000.00 from Hesser to be payment for Gewerter's legal services. (ECF Nos. 7, 7-1). Gewerter contends that in mid-2009 he stopped sending Hesser invoices for legal services and began paying himself from the $750,000.00 for his continued representation of Hesser and his entities until 2015. (ECF Nos. 7-1).

In early 2009, a $2.2 million judgment was entered against Hesser in a suit in which Gewerter represented him. (ECF No. 7-1). Zion Investment Group, LLC ("Zion") purchased the right to collect the judgment. *Id.* Hesser agreed to satisfy the judgment for a discounted amount of $750,000.00 and on July 13, 2012, assigned to Zion the right to collect the $750,000.00 Hesser had provided to Gewerter in 2008. (ECF Nos. 1-2, 7-1, 13).

After several failed attempts to obtain the $750,000.00 in November 2015, Gewerter told Hesser, allegedly for the first time, that all of the $750,000.00 was gone. (ECF Nos. 1, 1-2). On January 4, 2016, Zion demanded Gewerter pay Zion $750,000.00 through a variety of payment options. (ECF Nos. 1-2, 7-2). On January 7, 2016, Gewerter denied any obligation to pay Zion or Hesser. (ECF No. 7-2).

On October 13, 2016, Hesser and Zion (collectively the "underlying plaintiffs") filed a complaint against defendants in state court. (ECF No. 1-2). The underlying plaintiffs allege seven

causes of action against the Gewerter defendants: (1) fraud, (2) constructive fraud, (3) civil conspiracy, (4) breach of fiduciary duty, (5) civil theft, (6) unjust enrichment, and (7) constructive trust. *Id.* The complaint further alleges that the Gewerter defendants violated Nevada Rules of Professional Conduct, their duties to safeguard Hesser's property, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. *Id.*

ALPS, as Gewerter's professionally liability insurer, has been providing defense to the Gewerter defendants in the underlying state court suit, subject to a complete reservation of ALPS' right to deny coverage and reimbursement of defense costs. (ECF Nos. 1-2, 7-1, 7-2). On July 28, 2017, ALPS initiated this action, requesting the court to declare that the insurance policy does not require ALPS to defend or indemnify the Gewerter defendants for the underlying suit in state court. (ECF No. 1).

On September 26, 2018, the Gewerter defendants filed an answer and amended counterclaim, alleging four causes of action: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) bad faith, and (4) violation of Nevada Unfair Claims Settlement Practices Act, NRS 686A.310. (ECF No. 39).

## II. Legal Standard

### a. Motion for leave to file surreply

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . .." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

. . .

. . .

*b. Summary judgment*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III. Discussion**

Before the court are several motions. First, the court will grant the Gewerter defendants' motion for leave to file surreply (ECF No. 41) as the surreply contains new evidence that is relevant to the court's adjudication of this case. Second, the court will grant ALPS' motion for summary judgment (ECF No. 28) because the insurance policy does not require ALPS to defend or indemnify the Gewerter defendants in the underlying suit in state court. Lastly, the court will deny as moot all remaining motions (ECF Nos. 29, 41).

*a. Motion for leave to file surreply*

The Gewerter defendants argue that the court should grant leave to file their surreply because ALPS has produced new evidence that will "greatly assist this court in the decisional process, particularly as to the issue of whether the underlying state court is a simple fee dispute or one for malpractice." (ECF No. 35). The proposed surreply consists of ALPS' expert report from the state court action, opining on the propriety of the "fee arrangement" between the Gewerter defendants and Hesser. *Id.* As this expert report is relevant to the court's analysis and was not available when the parties filed their summary judgment briefs, the court will grant the Gewerter defendants' motion for leave to file surreply (ECF No. 35).

*b. Summary judgment*

ALPS argues that the insurance policy does not require ALPS to defend or indemnify the Gewerter defendants in the underlying state court action. (ECF No. 28). The court agrees.

In Nevada, an insurer has both a duty to defend and indemnify its insured. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009). The duty to defend arises if the claim potentially seeks damages that are "within the policy's coverage." *Id.*; *see United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 99 P.3d 1153, 1158 (Nev. 2004). The duty to indemnify, however, arises when an insured's actions and resulting loss actually fall within the policy's coverage. *Allstate Ins. Co.*, 212 P.3d at 324.

The interpretation of an insurance contract is a question of law for the court. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 14, 252 P.3d 668, 672 (2011). When an insurance policy is clear and unambiguous, courts construe the policy provisions in "their plain, ordinary and popular connotations." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev.2011) (quotation omitted). "[A]ny ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the insured." *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 621 (Nev. 2011) (quotation omitted). "A provision in an insurance policy is ambiguous if it is reasonably susceptible to more than one interpretation." *Id.* (quotation omitted).

The state court litigants advance two characterizations of Gewerter defendants' actions. Hesser argues that Gewerter misappropriated funds from a client trust account. (ECF No. 7-1). Gewerter defendants argue that the state court action is a fee dispute. *Id.* Neither misappropriation of client funds nor fee disputes are within the policy's coverage.

### i. Misappropriation

The policy directly addresses an insured's misappropriation of client funds. The pertinent provision reads:

> This policy does not apply to any claim arising from or in connection with . . . [a]ny conversion, misappropriation, improper commingling or negligent supervision by any person of client or trust account funds or property, or funds or property of any other person held or controlled by an [i]nsured in any capacity or under any authority, including any loss or reduction in value of such funds or property;

(ECF No. 1-2) (quote combines § 3.1 and § 3.1.8). This language is clear and unambiguous; it excludes any claim that arises from or is connected to an insured's misappropriation of funds. Accordingly, under Hesser's characterization of the Gewerter defendants' actions, the state court claims do not potentially seek damages within the scope of the policy.

### ii. Fee disputes

The policy also directly addresses disputes over fees or costs. The pertinent provision reads:

> This policy does not apply to any claim arising from or in connection with . . . [a]ny dispute over fees or costs, or any [c]laim that seeks, whether directly or indirectly, the return, reimbursement or disgorgement of fees, costs, or other funds or property held by an [i]nsured;

(ECF No. 1-2) (quote combines § 3.1 and § 3.1.9). This language clearly excludes any claim that arises from or is connected to a fee dispute. Accordingly, under the Gewerter defendants' account of their own actions, the state court claims do not potentially seek damages within the scope of the policy.

In sum, ALPS does not have a duty to defend or indemnify the Gewerter defendants in connection with the underlying state court action because the state court claims do no seek damages that are potentially within policy's coverage.

*c. Remaining motions*

As the court's adjudication of ALPS' motion for summary judgment (ECF No. 28) will resolve all pertinent issues in this action, the court will deny as moot the remaining motions.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the ALPS' motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Hesser's motion for summary judgment (ECF No. 29) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the Gewerter defendants' motion for leave to file surreply (ECF No. 35) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that ALPS motion to strike or, in the alternative, dismiss (ECF NO. 41) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that ALPS shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED November 15, 2018.

_____
UNITED STATES DISTRICT JUDGE